KOEWING v. THALMAN et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

ARBITRATION AND AWARD—PLEADING—SUFFICIENCY.

Where an answer alleges as a separate defense that plaintiff requested defendant to submit to arbitration the cause of action set out in the complaint, that defendant accepted, and the question was submitted to K. and decided by the arbitrator in favor of defendant, but there is no allegation of formal agreement to arbitrate, or appointment of the arbitrator, or that plaintiff appeared and took part in the arbitration, or of the matter submitted, or of any formal decision that would bind plaintiff, the separate defense was insufficient on demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arbitration and Award, § 506.]

Appeal from Special Term.

Action by Frank Koewing against Ernst Thalman and others. From an interlocutory judgment overruling a demurrer to a separate defense of arbitration and award, plaintiff appeals. Reversed, and demurrer sustained.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

E. C. Crowley, for appellant.
J. M. Marshall, for respondents.

INGRAHAM, J. The action is brought to recover the damages sustained by the plaintiff caused by the negligence of defendant in relation to the exchange of stock of the National Salt Company owned by the plaintiff for stock and bonds of the International Salt Company. The answer, after denying certain allegations of the complaint, for a separate defense to the cause of action, alleges that in the month of February the defendant requested the plaintiff to submit to arbitration the question as to defendants' liability on account of the cause of action set out in the complaint; that the defendants accepted in writing the plaintiff's suggestion, and, in pursuance of said suggestion, the question was submitted to Mr. Rudolph Keppler, president of the New York Stock Exchange, and decided by the arbitrator in favor of the defendants. To this separate defense the defendants demurred, which demurrer was overruled.

It seems to me that this defense is insufficient. There is no allegation of a formal agreement to arbitrate or of the appointment of the arbitrator and his award. Nothing is alleged as to the appointment of an arbitrator and that the parties would be bound by his decision. The allegation is that there was a request by the plaintiff to submit to arbitration the question as to the defendants' liability on account of the cause of action set up in the complaint; that defendants accepted in writing the plaintiff's suggestion, and that the question of their liability on account of the cause of action set out in the complaint be submitted to arbitration; that, in pursuance of said suggestion, the question was in fact submitted to Mr. Rudolph Keppler, president of the New York Stock Exchange, and decided by said arbitrator in favor of the defendants. There was here no allegation

of an actual agreement to arbitrate; no allegation that Mr. Rudolph Keppler was appointed by the parties either under the statute or as upon a common-law submission as their arbitrator, or that the plaintiff appeared before Mr. Keppler or took part in the determination of the question, no allegation of anything having been submitted, but "the cause of action set up in the complaint," and no allegation of any formal decision that would bind the plaintiff by the arbitration. It seems to me that this is entirely insufficient. Gihon v. Levy, 2 Duer, 180, 181.

The judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendants to amend the separate defense in their answer·within 20 days on payment of costs in this court and in the court below. All concur.